In the Matter of PETER A. LAURIA, an Attorney, Respondent.

First Department, May 18, 1934.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Max L. Schallek* of counsel [*Avery & Whiting*, attorneys], for the respondent.

FINCH, P. J. This is a motion in a disciplinary proceeding upon the report of a referee for such action thereon as may be deemed just and proper.

The respondent was admitted to practice as an attorney and counselor at law in the State of New York on June 18, 1912, at a term of the Appellate Division of the Supreme Court, First Department.

The charges in question are predicated upon certain false representations made at the time of the sale by respondent, to one Grau, of two notes of $180 each. Respondent was at that time representing one Herbert, the owner of the notes.

In addition, the respondent is charged with failure properly to collect the moneys due on the notes when in default, pursuant to a promise made by respondent at the time of the sale that he would see that the notes were paid; and with making certain false and inconsistent representations to the Association of the Bar of the City of New York when called upon to explain his transactions with Grau.

The learned referee has found that at the time of the sale of the two notes, respondent represented to both Ferguson, the attorney for Grau, and Grau, the complaining witness, that the notes in question were secured by a chattel mortgage, and further represented to Grau in Ferguson's office at the same time that the notes in question were two of a series of fourteen notes, twelve prior notes of which series had all been paid and that both of the representations were false. The referee further has found that this latter statement was not deliberately or fraudulently made with intent to deceive Grau. A consideration of this record sustains the findings of the referee. Moreover, it is clear upon this record that Grau did not rely upon any statements made by the respondent, but instead relied upon the indorsement of the respondent as a member of the bar. Pursuant to this indorsement payment of these notes, although delayed, has been made by respondent.

The referee has further found that " the charges, on the whole, lack body and substance." This is true, for as noted the complainant did not rely on any statements of the respondent, and while the twelve prior notes had not been paid they had in fact been discounted.

A careful consideration of this record shows no ground sufficient to justify this court in imposing punishment upon this respondent.

The proceeding should be dismissed.

MARTIN, TOWNLEY and GLENNON, JJ., concur.

Proceeding dismissed.